```
P. Kristofer Strojnik, SBN 242728
Law Offices of Peter Strojnik
pstrojnik@strojniklaw.com
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
602.510.9409 (tel.)

Attorneys for Plaintiff
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>Plaintiff,<br><br>vs.<br><br>SUITES LP, a California limited partnership dba Homewood Suites by Hilton San Diego – Del Mar,<br><br>Defendant. | Case No: 3:20-cv-01217-H-AHG<br><br>**VERIFIED AMENDED COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff Theresa Marie Brooke alleges:

## **PARTIES**

1. Plaintiff Theresa Brooke is a married woman. Plaintiff is legally disabled, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the California Unruh Civil Rights Act. Plaintiff uses a wheelchair because she has only one leg.

2. Defendant, Suites LP, owns and/or operates and does business as the hotel Homewood Suites by Hilton San Diego Del Mar located at 11025 Vista Sorrento Parkway in San Diego, California. Defendant's hotel is a public accommodation

pursuant to 42 U.S.C. § 12181(7)(A), which offers public lodging services. On information and belief, Defendant's hotel was renovated after March 15, 2012.

## JURISDICTION

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 12188.

4. The Court has supplemental jurisdiction over the state law claim. 28 U.S.C. § 1367. Plaintiff recognizes that a few judges in the Southern District differ with the Northern District and Eastern District and Central District on the issue of whether supplemental jurisdiction over a UCRA claim is appropriate. Plaintiff brings her UCRA claim as an attempt to address this issue with the Ninth Circuit to afford uniformity across the Circuit.

5. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## ALLEGATIONS

7. Plaintiff formerly worked in the hospitality industry and her husband works in the travel industry. She and her husband are avid travelers to California for purposes of leisure travel, court-related hearings, conferences and inspections, and to "test" whether various hotels across the Country comply with disability access laws. She has been to California countless times over the past few years for purposes of checking ADA compliance, leisure travel, and court-related conferences.

8. On or about May 24 through 25, Plaintiff and her husband visited San Diego for a weekend trip and to engage in ADA testing at various hotels in the San Diego area.

9. During Plaintiff's trip, she visited Defendant's hotel and stopped at Defendant's passenger loading zone directly in front of the lobby. The passenger

1  loading zone is the area directly in front of the lobby that persons generally park for a
2  short period while checking in or loading luggage.
3      10.    Plaintiff could not access Defendant's lobby because the passenger
4  loading zone did not have an access aisle that complies with Section 503 of the
5  Standards. An access aisle is necessary to mark where other cars should not park,
6  thereby creating a clear path to the lobby from the passenger loading zone for a person
7  in a wheelchair. There were two vehicles located where the access aisle should have
8  been marked, thereby precluding Plaintiff's access from the passenger loading zone.
9      11.    The purpose of the access aisle is to mark a clear path for a person in a
10 wheelchair to access the lobby from the passenger loading zone for disabled people like
11 Plaintiff.
12     12.    An illustration of a correct access aisle (the striped portion of the
13 illustration below) and compliant cut-out are provided below, which was not provided:



14
15
16
17
18
19
20
21
22
23     13.    Deterred at the lack of equality and inability to even access the lobby
24 from the passenger loading zone, Plaintiff did not and could not enter the hotel interior.
25     14.    Plaintiff intends on visiting San Diego again this summer for leisure and
26 further ADA testing and will visit Defendant's hotel if it remediates the barrier at issue.
27 If remediation occurs, Plaintiff can then gain equal access as able-bodied consumers.
28

1  Plaintiff may also have to return to the hotel and San Diego for purposes of joint site
2  inspections, ENEs or other court-related conferences and hearings.
3       15.   It is readily achievable to modify the hotel to provide an access aisle.
4       16.   It is impossible for Plaintiff to re-encounter this barrier. She is deterred
5  and will not return unless Defendant provides remediation and notice thereof. To visit
6  otherwise would be futile.
7       17.   Other potential violations and barriers to entry at Defendant's hotel may
8  be discovered during this litigation. It is Plaintiff's intention to cure all ADA violations
9  at this hotel in one lawsuit as opposed to doing so in piecemeal litigation, and so she
10 will amend this Complaint pursuant to *Doran* if additional ADA violations are
11 discovered during the case.

## FIRST CAUSE OF ACTION

18. Plaintiff incorporates all allegations heretofore set forth.

19.   Defendant has discriminated against Plaintiff and others in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and the 2010 Standards, as described above.

20.   Defendant has discriminated against Plaintiff in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C. §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the 2010 Standards would neither fundamentally alter the nature of Defendant's lodging services nor result in an undue burden to Defendant.

21.   In violation of the 2010 Standards, Defendant's hotel passenger loading zone does not have a disability access aisle as required by Section 503 of the Standards.

22.   Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards, as described above, is readily achievable by the Defendant. *Id*. Readily achievable

4

means that providing access is easily accomplishable without significant difficulty or expense.

23. Defendant's conduct is ongoing, and, given that Defendant has never fully complied with the ADA's requirements that public accommodations make lodging services fully accessible to, and independently usable by, disabled individuals, Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

24. Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is fully in compliance with the mandatory requirements of the ADA that are discussed above, Defendant's non-compliance with the ADA's requirements that its passenger loading zone be fully accessible to, and independently useable by, disabled people is likely to recur.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above;

    b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its passenger loading zone into full compliance with the requirements set forth in the ADA;

    c. Payment of costs and attorney's fees;

    d. The provision of whatever other relief the Court deems just, equitable and appropriate.

## SECOND CAUSE OF ACTION

25. Plaintiff realleges all allegations heretofore set forth.

26. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

27. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

28. Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

29. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount of $4,000.00, and not more.

30. Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and
b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its passenger loading zone into full compliance with the requirements set forth in the ADA;
c. Payment of costs and attorney's fees;
d. For damages in the amount of $4,000.00, the statutory minimum, and not more; and
e. The provision of whatever other relief the Court deems just, equitable and appropriate.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on issues triable by a jury.

RESPECTFULLY SUBMITTED this 16th day of August, 2020.

/s/ P. Kristofer Strojnik
P. Kristofer Strojnik (242728)
Attorneys for Plaintiff

**VERIFICATION**

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 11th day of August, 2020.

_____
Theresa Marie Brooke